DETERMINED IN

# THE SUPREME COURT

OF

# WYOMING TERRITORY.

## MARCH TERM, 1875.

---

### DOLAN v. CHURCH ET AL.

PRACTICE.—An application for change of judge, under the provisions of the statutes of the territory of Wyoming, must be made in the cause before it is definitely set for trial.

IDEM.—Where the application was made after both parties had consented in open court that the trial of the cause should be set down for a day certain; *Held*, that it was too late to make such application, and that the moving party had waived his rights therein.

IDEM.—In order to have an error considered by the supreme court it must be properly assigned as an error, and presented on a motion for a new trial in the court below.

ERROR to Laramie County.

A sufficient statement of this case is contained in the opinion.

*Thomas J. Street,* for plaintiff in error.

On November 28th, 1873, the plaintiff sued the defendant in an action of replevin to recover the possession of thirty-

two and a half tons of hay, of the value of thirteen dollars per ton, alleged to be unlawfully detained: See record, pages 1, 2, 3. The defendants answered general denial and plea of property in defendants: · See record, pages 5 and 6. Then on the sixth of February, 1874, at the adjourned November term of said court, this cause coming on for trial, the plaintiff filed an affidavit for a change of judge (see record, page 8), which was overruled, and the defendants introduced their testimony, and the jury found generally for the defendants in the sum of two hundred and sixty dollars. A motion for new trial was duly made and overruled (record, pages 11 and 12), and judgment rendered for defendants on the verdict: Record, pages 15 and 16. The case comes to this court on petition in error. We allege as error:

I. The refusal of the court to grant a change of judge as prayed for: Laws Wyoming, 1869, 517, 559; Organic Act Wyoming Territory.

II. Because of the error of the court in overruling the motion for a new trial.

III. Because the court erred in pronouncing judgment on the verdict. The verdict was not in proper form and will not support the judgment. In replevin the verdict must conform to the statute: Laws Wyoming, 1869, 543, sec. 195; Id. 1873, 54, sec. 180; Powell on App. Proc. 145; 7 Ohio, 232; 2 Nash, 828, 829.

*W. W. Corlett,* for defendant in error. · ·

The sole error relied upon in this case for a reversal of judgment is that the district court erred in overruling the motion of the plaintiff in the case for a change of venue upon the affidavit of the plaintiff filed for that purpose. From the bill of exceptions (page 7) it appears that the cause, by consent of both parties, was set down for trial on the sixth day of February, 1874, and having been so set for trial on that day, afterwards the said motion for a change of venue was interposed. The court overruled the motion, simply because it was made too late.

As it was agreed to try the case on February 6, 1874, before any change of venue was asked for, it was necessarily an agreement to try the case in the court where it was pending. By so agreeing the plaintiff waived his right to a change of venue. The statute allowing the change to be made is solely for the benefit of the party asking therefor. Hence, the right is one which the party can waive. On these points see Broom's Leg. Max. 136-7-8, 699, 700, 701; also see Laws of Wyoming, 1873, 163.

The argument for the defendants is simply this: The right of the plaintiff to have a change of venue was a right personal to himself, in which no one else had any interest; therefore he could waive that right by first making an agreement, in the face of the court, to try the case in that court on a certain day, because to change the venue afterwards would be to repudiate the agreement so made.

By the Court, THOMAS, J.: The petition in error in this case alleges but two rulings in the district court which are claimed to be erroneous.

The first is that the court refused to grant a change of judge, as provided for by the laws of Wyoming territory, the plaintiff having applied therefor and filed the usual affidavit. It appears by the bill of exceptions that by consent of parties this cause was set down for trial the sixth day of February, 1874, and that after the time of trial had so been fixed the plaintiff interposed his motion for the change of judge. We are of the opinion that while, in ordinary cases, a party, on a proper showing, has a right to such change of judge, yet that a motion of this nature should be made promptly in due season, and certainly not for the sole purpose of causing delay, and that in this case the plaintiff, by omitting to file his affidavit until after he had consented to have the trial of the cause fixed for a day certain, and the cause had been called on that day, thereby waived his rights under the statute which provides for a change of judge, unless the party so applying has just learned that facts exist

from which he believes that a judge may be prejudiced against him, which facts should be alleged in the affidavit.

The second error alleged cannot be considered by this court, as it was neither assigned nor argued as error upon the motion for a new trial in the court below.

The decision of the district court is affirmed.